**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Respondent,<br><br>vs.<br><br>Carla Orozco-Garcia,<br><br>    Defendant/Movant. | No. CR 03-451 PHX-ROS<br>CV 05-532 PHX-ROS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (document # 28).  Respondent filed an Answer to the Motion (document # 36) to which Movant has not replied.  The time for filing a reply has expired.

In her § 2255 Motion, Movant alleges ineffective assistance of counsel, that her sentence is excessive in violation of the Eighth Amendment prohibition against cruel and unusual punishment, that her due process rights were violated, and that her prosecution was unlawful.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 24, 2004, Movant pleaded guilty to the offense of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) as charged in the indictment. (document # 1)  At the change of plea hearing, Movant admitted to violating the terms of her supervised release in CR 00-178 PHX-ROS. (Tr. 2/24/04 at 12, 28-36)  On May 17, 2004, the court sentenced Movant to 30 months imprisonment on her conviction as a felon in possession of a firearm, and to three months imprisonment for violating the terms of

her supervised release, to be served concurrently.  (Tr. 5/17/04 at 8; document # 25) Thereafter, Movant filed the pending § 2255 motion.  Respondent concedes that Movant's motion is timely, therefore, the Court will not address the statute of limitations.

## ANALYSIS

Based on the following discussion, the undersigned recommends denying the pending § 2255 motion because Movant's claims fail.

**I. Waiver**

Respondents assert that the Court should dismiss Movant's § 2255 motion because, pursuant to her written plea agreement, she expressly waived the right to file a § 2255 motion.

Movant pleaded guilty pursuant to a written plea agreement which the District Court accepted.  The written plea agreement provided that Movant waived "any right to collaterally attack [her] conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack."  (Respondents' Exh. A at 4)  Movant also waived "any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the court's entry of judgment against defendant and imposition of sentence upon the defendant provided the sentence is consistent with this agreement."  (Respondents' Exh. A at 4)

Express waivers of the right to collaterally attack a conviction or sentence are enforceable. United States v. Abarca, 985 F.3d 1012, 1013-14 (9th Cir. 1993)(stating that movant's waiver executed in his plea agreement foreclosed him from challenging his sentence in a § 2255 motion.)  Where a movant pleads guilty, review is limited to whether the underlying plea was counseled and voluntary. United States v. Broce, 488 U.S. 563, 569 (1989); Boykin v. Alabama, 395 U.S. 238, 242-43 (1969)(stating that to comport with due process, a guilty plea must be knowing and voluntary.)  The test for determining whether a guilty plea is valid is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  Hill v. Lockhart, 474 U.S. 52, 56 (1985)(quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

Here, Movant does not challenge the validity of the plea agreement itself. Rather, Movant claims that counsel rendered ineffective assistance. However, she does not assert that counsel was ineffective in advising her to enter the plea agreement. Rather, she argues that counsel was ineffective in failing to file motions regarding pre-indictment delay and selective prosecution. The Ninth Circuit has recently stated that review of an ineffective assistance claim is limited where a defendant has waived his right to collaterally attack his conviction and sentence. Specifically, in <u>United States v. Jeronimo</u>, 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005), the court stated that:

> We leave open the possibility that Jeronimo might raise his ineffective assistance argument of federal habeas procedure, through a § 2255 motion, notwithstanding that Jeronimo's appeal waiver covered 'all his waivable statutory rights to file a petition pursuant to 28 U.S.C. § 2255 challenging the length of his sentence.' Although a defendant may waive the statutory right to file a § 2255 petition 'challenging the length of his sentence,' we do not decide whether such language would necessarily encompass a claim challenging the knowing and voluntary nature of the plea agreement (and accompanying waiver of § 2255 rights). Further, we do not decide whether even an express waiver of all § 2255 rights could be enforced to preclude an ineffective assistance claim implicating the voluntariness of the waiver itself. See, <u>United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir. 1994)(expressing doubt that plea agreement could waive such a claim, but declining to reach the issue).

<u>Jeronimo</u>, 398 F.3d at 1156 n. 4. Thus, the only reviewable claim of ineffective assistance of counsel is a claim relating to counsel's performance affecting the voluntariness of Movant's plea agreement or waiver. Movant's other claims of ineffective assistance based on counsel's failure to file motions related to pre-indictment delay and selective prosecution are not properly before the Court in view of Movant's waiver.

**II.  Ineffective Assistance of Counsel**

Movant claims that counsel was ineffective in failing to file motions challenging pre-indictment delay and selective prosecution.

To prevail on a claim of ineffective assistance of counsel, Movant must establish that (1) counsel's representation fell below an objective standard of reasonableness; and (2) he was prejudiced thereby. <u>Strickland v. Washington</u>, 466 U.S. 668, 688-692 (1984). To establish prejudice, movant must demonstrate "a reasonable probability that, but for

1  counsel's unprofessional errors, the result of the proceeding would have been different."
2  Strickland, 466 U.S. at 694.

3  Because Movant pleaded guilty pursuant to a written plea agreement, she can
4  only challenge counsel's ineffectiveness as it relates to the voluntariness of her plea. Tollett
5  v. Henderson, 411 U.S. 258, 267 (1973)("When a criminal defendant has solemnly admitted
6  in open court that he is in fact guilty of the offense of which he is charged, he may not
7  thereafter raise independent claims relating to the deprivation of constitutional rights that
8  occurred prior to the entry of the guilty plea.  He may only attack the voluntary and
9  intelligent character of the guilty plea by showing that the advice he received from counsel
10 was [deficient.]") The Ninth Circuit recognizes that "[a] defendant who pleads guilty upon
11 the advice of counsel may only attack the voluntary and intelligent character of his guilty
12 plea by showing that the advice he received from counsel was not within the range of
13 competence demanded of attorneys in criminal cases."  United States v Signori, 844 F.2d
14 635, 638 (9th Cir. 1988).   "Because of the difficulties in evaluating attorney performance in
15 hindsight, court considering ineffective counsel claims 'indulge a strong presumption that
16 counsel's conduct falls within the wide range of reasonable professional assistance."
17 Jeronimo, 398 F.3d at 1155.

18 Here, Movant has not shown that counsel provided deficient advice that rendered
19 Movant's plea involuntary.  Rather, the record demonstrates that Movant was satisfied with
20 her attorney's advice and she knowingly and voluntarily pleaded guilty without force,
21 threats, or promises.  (Tr. 2/24/04 at 21) Movant advised the Court that she understood the
22 nature of the charge and that she voluntarily entered her guilty plea without any force,
23 threats or promises. (Id. at 13) She also advised the Court that she was sure of her decision
24 to plead guilty and that she was acting voluntarily.  (Id. at 14) "Solemn declarations in open
25 court carry a strong presumption of verity."  United States v. Rubalcaba, 811 F.2d 491, 494
26 (9th Cir. 1986)(rejecting claim of involuntariness of guilty plea).   In accepting Movant's
27 guilty plea, the Court noted that Movant had acknowledged that she was guilty as charged,
28 there was a factual basis for Movant's plea, Movant was aware of her rights and waived

those rights, and she did so knowingly and voluntarily. (Tr. 2/24/04 at 25-26) Movant advised the court that she was satisfied with counsel's representation in the following exchange:

> The Court: Are you satisfied with the representation you have received by Mr. Bartolomei?
>
> The Defendant: Yes.
>
> The Court: He's done a good job for you?
>
> The Defendant: Very good.

(Tr. 2/24/04 at 13) Movant, while under oath, swore that she had read the plea agreement, understood its terms, discussed it with counsel, and agreed to be bound by its terms. (Tr. 2/24/04 at 20-21)   Because the district court's plea colloquy adhered to the requirements of Rule 11, the plea was not unknowing or involuntary on its face. Jeronimo, 398 F.3d 1149, 1157.  A waiver must be honored when the plea agreement is voluntary and taken in compliance with Rule 11. Portillo-Cano, 192 F.3d at 1250. Because the point of Rule 11 is to ensure that a plea is knowing and voluntary, Rule 11 provides authority for the decision that Movant's pleas was voluntary.  See Jeronimo, 398 F.3d at 1157 (citing Fed.R.Crim.P. 11(c)-(d) (2001) (provisions entitled "Advice to Defendant" and "Insuring That the Plea is Voluntary"); Fed.R.Crim.P. 11 advisory committee's note, 1975 Enactment (amended Rule 11(c) and (d) outline advice the court must give the defendant and "the steps that the court must take to insure that a ... plea has been voluntarily made.") The Ninth Circuit has stated that "[a] colloquy satisfying Rule 11's requirements will lead to a plea being considered knowing and voluntary, unless some misrepresentation or gross mischaracterization by counsel has tainted the plea." Jeronimo, 398 F.3d at 1157.

Movant has not established that her counsel's performance was deficient in any way or that counsel made a "misrepresentation or gross mischaracterization" which tainted her plea.  Moreover, the record does not contain any evidence suggesting that Movant was prejudiced by any acts or omission of counsel that fell below an objective standard of reasonableness.  Accordingly, Movant's claim of ineffective assistance fails.

/ / /

## III. Eighth Amendment Violation

Movant next argues that her sentence was excessive and constituted cruel and unusual punishment in violation of the Eighth Amendment. The district court sentenced Movant to thirty months for her conviction of felon in possession of a firearm to run concurrent with her sentence for violating the terms of her supervised release. (Tr. 5/17/04 at 9) Movant's total sentence was 30 months imprisonment. Movant claims that this sentence violates the Eighth Amendment.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) A sentence that is "grossly disproportionate" to the crime for which a defendant was convicted may violate the Eighth Amendment. Harmelin, 501 U.S. at 1001 (1991). However, "outside of the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare . . . . Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." Solem v. Helm, 463 U.S. 277, 289-90 (1983)(citations omitted). The Eighth Amendment only prohibits "extreme sentences that are grossly disproportionate to the crime." United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992).

Movant's sentence was below the statutory maximums. Movant was convicted of violating 18 U.S.C. §§ 922(g) and 924(a)(2) which carries a maximum fine of $250,000 and a maximum term of imprisonment of 10 years, or both. The guideline range calculated by the Probation Department was 30 to 37 months imprisonment. (Tr. 5/17/04 at 3-4) The district court imposed a 30-month sentence, the minimum sentence applicable under the guideline range, and ordered that it run concurrent with Movant's undischarged sentence for violating her supervised release. The sentence falls below that statutory maximum for the crime. Generally, a court will not overturn a sentence on Eighth Amendment grounds provided it

does not exceed statutory limits. United States v. Zavala-Serra, 853 F.2d 1512, 1518 (9th Cir. 1988)(upholding sentence of ten years imprisonment for conspiracy to possess and distribute 2,000 grams of cocaine where sentence was within statutory range.)  Movant does not present any argument for departing from this general rule in this case.  Because there is no Eighth Amendment violation, Movant's claim fails.

**IV.  Due Process Claim**

Movant next argues that her due process rights were violated.  Although Movant does not explain the alleged due process violation, it appears that she is claiming that she was not guilty.  Movant does not provide any support for this conclusory allegation.  Movant's unsupported, conclusory allegations are not sufficient to support a claim for federal habeas relief.  See, Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995)(stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief.)  Movant pleaded guilty and advised the Court that her plea was knowing and voluntary and that there was a factual basis for her plea.  (Tr. 2/25/04 at 25-26) Movant also told the Court that she was well represented throughout the proceedings.  (Id. at 13) Movant stated that she had a "good grasp of the issues" and that her sentence was consistent with her plea agreement.  (Tr. 2/25/04 at 13; 5/17/04 at 13) There is no evidence in the record that Movant's due process rights were violated.  Accordingly, her due process claim fails.

**V.  Unlawful Prosecution**

Finally, Movant claims that her prosecution was unlawful based on the allegations in her previous claims and an alleged double jeopardy violation.  Movant appears to argue that prosecuting her for being a felon in possession of a firearm, the same conduct which resulted in revocation of her supervised release, violated the double jeopardy clause.  "It is well-settled that double jeopardy does not prohibit prosecution for conduct which also serves as the basis for a probation revocation."  United States v. Soto-Olivias, 44 F.3d 788, 790-92 (9th Cir. 1995); Johnson v. United States, 529 U.S. 694 (2000)(stating that post-revocation penalties are attributed to the original conviction, and therefore, there is no double jeopardy issue).

In this case, the district court sentenced Movant to less than the maximum allowed on her supervised release violation.  Movant did not raise a double jeopardy issue during sentencing.  Movant was sentenced in accordance with the terms of her plea agreement and there was no double jeopardy violation.  Accordingly, Movant's claim fails.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court **DENY** Movant's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody pursuant to 28 U.S.C. § 2255.  (document # 28)

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 13th day of September, 2005.

Lawrence O. Anderson
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28